UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

BYRON AMEER WHITE,

        Plaintiff,

v.

COMMISSIONER OF
SOCIAL SECURITY

        Respondent.

Case No. 1:13-cv-172

Honorable Gordon J. Quist

**REPORT AND RECOMMENDATION**

This is a social security action brought under 42 U.S.C. § 1383(c)(3) seeking review of a final decision of the Commissioner of Social Security denying plaintiff's claim for supplemental security income (SSI) benefits. On December 30, 2009, plaintiff filed his application for benefits alleging a January 1, 2008 onset of disability.[1] (A.R. 115-18). His claim was denied on initial review. (A.R. 74-77). On July 21, 2011, plaintiff received a hearing before an administrative law judge (ALJ), at which he was represented by counsel. (A.R. 33-71). On August 26, 2011, the ALJ issued a decision finding that plaintiff was not disabled. (A.R. 13-21). On December 19, 2012, the Appeals Council denied review (A.R. 1-3), and the ALJ's decision became the Commissioner's final decision.

---

[1] SSI benefits are not awarded retroactively for months prior to the application for benefits. 20 C.F.R. § 416.335; *see Kelley v. Commissioner*, 566 F.3d 347, 349 n.5 (3d Cir. 2009); *see also Newsom v. Social Security Admin.*, 100 F. App'x 502, 504 (6th Cir. 2004). The earliest month in which SSI benefits are payable is the month after the application for SSI benefits is filed. Thus, January 2010 was plaintiff's earliest possible entitlement to SSI benefits.

Plaintiff filed a timely complaint seeking judicial review of the Commissioner's decision denying his claim for SSI benefits. Plaintiff argues that the Commissioner's decision should be overturned on the following grounds:

1. The ALJ committed reversible error by making unfounded credibility determinations and by using improper boilerplate language to do so;

2. The ALJ committed reversible error by failing to properly consider the psychiatric evidence; and

3. The ALJ committed reversible error by failing to follow the vocational expert's answers to accurate questions.[2]

(Plf. Brief at 17, docket # 14). I recommend that the Commissioner's decision be affirmed.

**Standard of Review**

When reviewing the grant or denial of social security benefits, this court is to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner correctly applied the law. *See Elam ex rel. Golay v. Commissioner*, 348 F.3d 124, 125 (6th Cir. 2003); *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Substantial evidence is defined as "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Heston v. Commissioner*, 245 F.3d 528, 534 (6th Cir. 2001) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *see Rogers v. Commissioner*, 486 F.3d 234, 241 (6th Cir. 2007). The scope of the court's review is limited. *Buxton*, 246 F.3d at 772. The court does not review the evidence *de novo*, resolve conflicts in evidence, or make credibility determinations. *See Ulman v.*

---

[2] Although plaintiff filed his initial brief long after the applicable deadline (docket # 8), the court will nonetheless consider his statement of errors and the corresponding arguments appearing in his briefs because they provide a useful framework by identifying the grounds on which plaintiff believes the Commissioner's decision should be overturned.

*Commissioner*, 693 F.3d 709, 713 (6th Cir. 2012); *Walters v. Commissioner*, 127 F.3d 525, 528 (6th Cir. 1997). "The findings of the [Commissioner] as to any fact if supported by substantial evidence shall be conclusive . . . ." 42 U.S.C. § 405(g); *see McClanahan v. Commissioner*, 474 F.3d 830, 833 (6th Cir. 2006). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. . . . This is so because there is a 'zone of choice' within which the Commissioner can act without fear of court interference." *Buxton*, 246 F.3d at 772-73. "If supported by substantial evidence, the [Commissioner's] determination must stand regardless of whether the reviewing court would resolve the issues of fact in dispute differently." *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993); *see Gayheart v. Commissioner*, 710 F.3d 365, 374 (6th Cir. 2013)("A reviewing court will affirm the Commissioner's decision if it is based on substantial evidence, even if substantial evidence would have supported the opposite conclusion."). "[T]he Commissioner's decision cannot be overturned if substantial evidence, or even a preponderance of the evidence supports the claimant's position, so long as substantial evidence also supports the conclusion reached by the ALJ." *Jones v. Commissioner*, 336 F.3d 469, 477 (6th Cir. 2003); *see Kyle v. Commissioner*, 609 F.3d 847, 854 (6th Cir. 2010).

## Discussion

The ALJ found that plaintiff had not engaged in substantial gainful activity on or after December 30, 2009, the application date. (A.R. 15). Plaintiff had the following severe impairments: "myofascial pain affecting the back and legs, depression, bipolar disorder, and polysubstance abuse." (A.R. 15). Plaintiff did not have an impairment or combination of impairments which met or

equaled the requirements of the listing of impairments. (A.R. 15). The ALJ found that plaintiff retained the residual functional capacity (RFC) for a range of unskilled, light work. (A.R. 16). He found that plaintiff's testimony regarding his subjective functional limitations was not fully credible. (A.R. 16-20). Plaintiff "has no past relevant work." (A.R. 20). He was 32-years-old on the date he filed his application for SSI benefits and 34-years-old as of the date of the ALJ's decision. Thus, at all times relevant to his claim for benefits, plaintiff was classified as a younger individual. (A.R. 20). Plaintiff has at least a high school education and is able to communicate in English. (A.R. 20). The transferability of job skills was not an issue because plaintiff did not have past relevant work. (A.R. 20). The ALJ then turned to the testimony of a vocational expert (VE). In response to a hypothetical question regarding a person of plaintiff's age, and with his RFC, education, and work experience, the VE testified that there were approximately 48,200 jobs in Michigan that the hypothetical person would be capable of performing. (A.R. 64-65). The ALJ found that this constituted a significant number of jobs. Using Rule 202.17 of the Medical-Vocational Guidelines as a Framework, the ALJ found that plaintiff was not disabled.[3] (A.R. 20-21).

---

[3]Plaintiff has "an extensive substance abuse history" which includes cocaine (A.R.250, 309, 317, 380, 392), heroin (A.R. 392), marijuana and hashish (A.R. 317), abuse of prescription medication (A.R. 334), and drinking two pints of alcohol daily for many years (A.R. 247, 308). Plaintiff "has been in rehabilitation for substance abuse twice," once in 1996 and more recently in 2006. (A.R. 17). Since 1996, the Social Security Act, as amended, has precluded awards of SSI and DIB benefits based upon alcoholism and drug addiction. *See* 42 U.S.C. §§ 423(d)(2)(C), 1382c(a)(3)(J); 20 C.F.R. § 404.1535, 416.935; *see also Bartley v. Barnhart*, 117 F. App'x 993, 998 (6th Cir. 2004); *Hopkins v. Commissioner*, 96 F. App'x 393, 395 (6th Cir. 2004). The claimant bears the burden of demonstrating that substance abuse was not a factor contributing to his disability. *See Cage v. Commissioner*, 692 F.3d 118, 122-25 (2d Cir. 2012); *see also Zarlengo v. Barnhart*, 96 F. App'x 987, 989-90 (6th Cir. 2004). Because plaintiff was found not to be disabled, the ALJ was not required to decide the issue of whether substance abuse was material to a finding of disability. *See Gayheart v. Commissioner*, 710 F.3d 365, 380 (6th Cir. 2013).

**1.**

Plaintiff argues that the ALJ committed reversible error by making "unfounded credibility determinations" and "using improper boilerplate language to do so." (Plf. Brief at 17). Credibility determinations concerning a claimant's subjective complaints are peculiarly within the province of the ALJ. *See Gooch v. Secretary of Health & Human Servs.*, 833 F.2d 589, 592 (6th Cir. 1987). It is the ALJ's function to determine credibility issues. *See Siterlet v. Secretary of Health & Human Servs.*, 823 F.2d 918, 920 (6th Cir. 1987). The court does not make its own credibility determinations. *See Walters v. Commissioner*, 127 F.3d 525, 528 (6th Cir. 1997). The court's "review of a decision of the Commissioner of Social Security, made through an administrative law judge, is extremely circumscribed . . . ." *Kuhn v. Commissioner*, 124 F. App'x 943, 945 (6th Cir. 2005). The Commissioner's determination regarding the credibility of a claimant's subjective complaints is reviewed under the "substantial evidence" standard. This is a "highly deferential standard of review." *Ulman v. Commissioner*, 693 F.3d 709, 714 (6th Cir. 2012). "Claimants challenging the ALJ's credibility determination face an uphill battle." *Daniels v. Commissioner*, 152 F. App'x 485, 488 (6th Cir. 2005). "Upon review, [the court must] accord to the ALJ's determinations of credibility great weight and deference particularly since the ALJ has the opportunity, which [the court] d[oes] not, of observing a witness's demeanor while testifying." *Jones*, 336 F.3d at 476. "The ALJ's findings as to a claimant's credibility are entitled to deference, because of the ALJ's unique opportunity to observe the claimant and judge [his] subjective complaints." *Buxton v. Halter*, 246 F.3d at 773; *accord White v. Commissioner*, 572 F.3d 272, 287 (6th Cir. 2009); *Casey v. Secretary of Health & Human Servs.*, 987 F.2d 1230, 1234 (6th Cir. 1993).

Meaningful appellate review requires more than a blanket assertion by an ALJ that "the claimant is not believable." *Rogers v. Commissioner*, 486 F.3d 234, 248 (6th Cir. 2007). The ALJ's credibility determination "must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." *Id.*

The ALJ noted that plaintiff was claiming disability primarily on the basis of mental impairments. (A.R. 17). He summarized plaintiff's substance abuse history and mental health treatment history. (A.R. 17). Plaintiff had no history of psychiatric hospitalization or significant mental health treatment at any time before he filed his application for SSI benefits. (A.R. 248, 297, 302, 308). He did have a history of "recreational" alcohol abuse which had necessitated hospital treatment. (A.R. 246-49). Plaintiff's only hospitalization[4] during the period at issue occurred in November 2010. On November 3, 2010, plaintiff reported to doctors at Pine Rest that weeks earlier he had attempted suicide by an overdose of Vicodin, but never went to the hospital. (A.R. 305, 307). Plaintiff was admitted on November 3, 2010, and was discharged less than a week later. (A.R. 304-12). On discharge, his Global Assessment of Functioning (GAF) score was 55. (A.R. 306). Doctors advised him "to stay away from all alcohol, nicotine, caffeine, and street drugs to allow his medicines to work." (A.R. 312).

The ALJ carefully considered plaintiff's testimony, including his statements that he "does not read or watch television; he just stays in the basement staring at the walls and hearing voices. He hears the devil and sometimes his Father. They tell him to stay to himself and not to talk

---

[4]The ALJ addressed plaintiff's fifteen-minute medication review on December 8, 2010, with Dr. Munir as if it had been a hospitalization. (A.R 19, 292). Any error in this regard was clearly in plaintiff's favor. It is mentioned herein only for the sake of clarity.

to people." (A.R. 17). The ALJ considered all the medical evidence presented. (A.R. 17-20). Among other things, he observed that Psychologist Julia Petros had noted that plaintiff "presented with tendencies towards magnification of his symptoms." (A.R. 17; *see* A.R. 252). Psychologist Petros stated that plaintiff "was very vague in some situations, but then volunteered a great deal of information on others. This is to say that he was quite selective in the information he provided." (A.R. 252). The psychologist had suspicions that plaintiff was malingering and gave him Global Assessment of Functioning (GAF) score of 60, which indicated "moderate symptoms or moderate difficulty in social or occupational functioning, and gave him a poor prognosis." (A.R. 18).

Plaintiff's argument that the ALJ erred by relying on "boilerplate language" is untenable. The ALJ's opinion contains the template topic sentence indicating that plaintiff's statements concerning the intensity, persistence, and limiting effects of his symptoms were not credible to the extent they were inconsistent with the ALJ's factual finding regarding his RFC. (A.R. 19). The ALJ continued the analysis and explained why he found that plaintiff's testimony regarding the intensity, persistence, and limiting effects of his symptoms was not credible. *See Rogers*, 486 F.3d at 248, 20 C.F.R. § 416.929; *accord Bjornson v. Astrue*, 671 F.3d 640, 645, 649 (7th Cir. 2012). The ALJ found that plaintiff's daily activities belied his assertion of complete disability and that his condition improved when he was medication compliant and did not engage in substance abuse:

> The claimant's activities of daily living belie his assertions of complete disability. He is able to bathe, dress, groom, and care for his personal hygiene without assistance, but often chooses not to do so. He does not drive. He goes shopping once a month with his mother. He is learning how to cook from his grandfather and they go fishing together.
>
> Moreover, the claimant is now in treatment and on medication. He has improved significantly in the last six months. He is isolating less, attending therapy, is medication compliant, remains clean and sober from substance abuse, and his symptoms are improving

now that he is on medication. The claimant recently completed his term of probation[5] and was looking forward to obtaining his own apartment. His most recent GAF score of 55 indicates that he now has only moderate symptoms or moderate difficulty in social or occupational functioning.

(A.R. 20). It was appropriate for the ALJ to take plaintiff's daily activities into account in making his credibility determination. *See Cruse v. Commissioner*, 502 F.3d 532, 542 (6th Cir. 2007); *Blacha v. Secretary of Health & Human Servs.*, 927 F.2d 228, 231 (6th Cir. 1990). It was also appropriate for the ALJ to consider plaintiff's improvement when he followed prescribed treatment and avoided substance abuse. The Social Security regulations make pellucid that the claimant bears the burden of demonstrating "good reason" for his failure to follow prescribed treatment: "If you do not follow the prescribed treatment without good reason, we will not find you disabled." 20 C.F.R. § 416.930(b); *see Sias v. Secretary of Health & Human Servs.*, 861 F.2d 475, 479-80 (6th Cir. 1988). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Heston v. Commissioner*, 245 F.3d at 534. The ALJ credibility finding is supported by more than substantial evidence, and the ALJ gave a more than adequate explanation why he found that plaintiff's testimony was not fully credible. *See Rogers v. Commissioner*, 486 F.3d at 247-49.

**2.**

Plaintiff argues that the ALJ committed reversible error by "failing to properly consider" the psychiatric evidence. (Plf. Brief at 17). Plaintiff's argument focuses on his lowest

---

[5]Plaintiff has a significant criminal history. He stated that he has been in jail "too many times to count" (A.R. 302, 331) and many of his offenses were related to his substance abuse. (A.R. 302, 308, 319, 339). Plaintiff is generally not eligible to receive social security benefits for any months he was confined in jail. *See* 42 U.S.C. § 1382(e)(1)(A); 20 C.F.R. § 416.1325.

GAF scores and accuses the ALJ of "minimizing" the "GAF of 15 at the time of [plaintiff's] hospitalization" as well as the "other disabling GAFs." (*Id.*).

GAF scores are subjective rather than objective assessments and are not entitled to any particular weight. *See Kornecky v. Commissioner*, 167 F. App'x 496, 511 (6th Cir. 2006); *see also Johnson v. Commissioner*, No. 12-2249, __ F. App'x __, 2013 WL 5613535, at * 10 (6th Cir. Oct. 15, 2013) ("[N]o particular amount of weight is required to be placed on a GAF score.")(citing *Howard v. Commissioner*, 276 F.3d 235, 241 (6th Cir. 2002); *Taylor v. Commissioner*, No. 1:11-cv-1308, 2013 WL 1305291, at * 9 (W.D. Mich. Mar. 28, 2013) ("The ALJ is not required 'to put stock in a GAF score in the first place.'") (quoting *Kornecky*, 167 F. App'x at 503 n.7); *Edwards v. Commissioner*, 654 F. Supp. 2d 692, 696 n.3 (W.D. Mich. 2009)(collecting cases). "GAF examinations measure psychological, social, and occupational functioning on a continuum of mental-health status from 0 to 100, with lower scores indicating more severe mental limitations." *White v. Commissioner*, 572 F.3d 272, 276 (6th Cir. 2009). "GAF is a clinician's subjective rating of an individual's overall psychological functioning. A GAF score may help an ALJ assess mental RFC, but it is not raw medical data. Rather, it allows a mental health professional to turn medical signs and symptoms into a general assessment, understandable by a lay person, of an individual's mental functioning." *Kennedy v. Astrue*, 247 F. App'x 761, 766 (6th Cir. 2007); *see Kornecky*, 167 F. App'x at 503 n. 7. The DIAGNOSTIC & STATISTICAL MANUAL OF MENTAL DISORDERS' (DSM–IV's) explanation of GAF scale indicates that "a score may have little or no bearing on the subject's social and occupational functioning." *Kornecky*, 167 F. App'x at 511; *see Oliver v. Commissioner*, 415 F. App'x 681, 684 (6th Cir. 2011). "Significantly, the SSA has refused to endorse the use of the GAF scale." *Bennett v. Commissioner*, No. 1:07-cv-1005, 2011 WL

1230526, at * 3 (W.D. Mich. Mar. 31, 2011). GAF scores "have no direct correlation to the severity requirements of the mental disorder listings." *DeBoard v. Social Security Admin.*, 211 F. App'x 411, 415 (6th Cir. 2006); *see Richardson v. Commissioner,* No. 1:12-cv-776, 2013 WL 5211245, at * 5 (W.D. Mich. Sept. 16, 2013).

Plaintiff ignores the controlling authority from the Sixth Circuit and the decisions of this court in favor of a decision from the Eastern District which is not controlling[6] or remotely analogous. (Plf. Brief at 18; Reply Brief at 2) (citing *Boruff v. Astrue*, 648 F. Supp. 2d 932, 943-44 (E.D. Mich. 2009)). In *Boruff*, Judge Nancy Edmunds considered a child's claim of disability stemming from his attention deficit hyperactivity disorder (ADHD). *Id.* at 935. She found that on the administrative record before her, the ALJ's stated reason for rejecting the opinion of a consultative psychologist was not persuasive. *Id.* at 943-44. The ALJ had rejected the psychologist's opinion giving the claimant a GAF score of 50 on the ground that it "was not consistent with the medical evidence." *Id.* at 943. Judge Edmunds determined that this finding was not supported by substantial evidence because the underlying record showed that "five different experts," including a "treating psychiatrist" and non-treating psychiatrists, had supplied virtually identical GAF scores. *Id.* at 943-44. Here, by contrast, the ALJ considered the entire record, including the lower GAF scores that plaintiff favors. The ALJ's finding that the lower scores were not entitled to significant weight because plaintiff's condition "improved significantly" when he was

---

[6]The Eastern District's *Boruff* decision is not binding precedent in this court. *See Michigan Elec. Employees Pension Fund v. Encompass Elec. & Data, Inc.*, 556 F. Supp. 2d 746, 761-62 (W.D. Mich. 2008). Here is it not persuasive authority because the facts the court confronted in *Boruff* are not remotely similar.

"clean and sober from substance abuse" and was "medication compliant" is supported by overwhelming evidence. (A.R. 20; *see* A.R. 251-52, 293, 302, 305-06, 330, 349, 352-53, 367, 370).

**3.**

Plaintiff argues that the ALJ "committed reversible error by failing to follow the vocational expert's answers to accurate questions." (Plf. Brief at 17). Specifically, he argues that "the vocational expert testified that there were either no jobs or a clearly insufficient number of jobs available to a person who could not maintain concentration throughout the work day." (*Id.* at 19-20) (citing A.R. 67-71). This argument does not provide a basis for disturbing the Commissioner's decision. Plaintiff's attorney's hypothetical questions gave full credibility to his client's testimony and assumed a RFC more restrictive than the one determined by the ALJ. RFC is an administrative finding of fact made by the ALJ. 20 C.F.R. §§ 416.927(d)(2), (3). The ALJ's factual findings regarding plaintiff's RFC and the credibility of his testimony are supported by more than substantial evidence. The ALJ was not bound to accept the VE's testimony in response to the attorney's hypothetical questions, which incorporated more significant functional restrictions than those found by the ALJ. *See Casey v. Secretary of Health & Human Servs.*, 987 F.2d 1230, 1235 (6th Cir. 1993); *see also Gant v. Commissioner*, 372 F. App'x 582, 585 (6th Cir. 2010).

**Recommended Disposition**

For the reasons set forth herein, I recommend that the Commissioner's decision be affirmed.

Dated: January 16, 2014        /s/ Joseph G. Scoville
                               United States Magistrate Judge

## NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir.), *cert. denied*, 129 S. Ct. 752 (2008); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). General objections do not suffice. *Spencer v. Bouchard*, 449 F.3d 721, 724-25 (6th Cir. 2006); *see Frontier*, 454 F.3d at 596-97; *McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006).