UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

BYRON AMEER WHITE,

      Plaintiff,

v.                                            Case No. 1:13-CV-172

COMMISSIONER OF SOCIAL SECURITY,      HON. GORDON J. QUIST

      Defendant.

_____/

## MEMORANDUM ORDER ADOPTING REPORT AND RECOMMENDATION

Plaintiff has filed Objections to Magistrate Judge Joseph G. Scoville's Report and Recommendation (R & R), issued on January 16, 2014, which recommends that the Court affirm the Commissioner's decision denying Plaintiff's claim for supplemental security income (SSI) benefits. Pursuant to 28 U.S.C. § 636(b)(1), this Court is required to review *de novo* those portions of the R & R to which specific objections have been made. The Court may accept, reject, or modify any or all of the magistrate judge's findings or recommendations. *Id.* After reviewing the R & R, Plaintiff's Objections, and the pertinent portions of the administrative record, the Court will overrule Plaintiff's Objections and adopt the R & R as the opinion of the Court.

Plaintiff's objections relate to the R & R's conclusion that the Administrative Law Judge (ALJ) properly considered the psychiatric evidence. In his first objection, Plaintiff argues that the magistrate judge should have followed *Boruff v. Astrue*, 648 F. Supp. 2d 932, 943-44 (E.D. Mich. 2009), in which the court held that the ALJ erred in finding that the GAF score provided by a consultative psychologist was not consistent with the medical evidence. *Id.* As the magistrate judge

correctly noted, however, the facts in *Boruff* are distinguishable from those of this case. While the plaintiff in *Boruff* received virtually identical GAF scores from five different experts, *id.* at 193-94, Plaintiff's GAF scores in this case were all over the map, ranging from 15 to 60. Moreover, *Boruff* is not binding on this Court. Rather, this Court must follow the dictates of the Sixth Circuit, which has explicitly rejected the proposition that an ALJ should determine disability based solely on the unsupported, subjective determination of a GAF score. *Rutter v. Comm'r of Soc. Sec.*, No. 95-5772, 1996 WL 379424, at *2 (6th Cir. July 15, 1996). *See also Kornecky v. Comm'r of Soc. Sec.*, 167 Fed. App'x 496, 511 (6th Cir. 2006) (noting that there is no "statutory, regulatory, or other authority requiring the ALJ to put stock in a GAF score in the first place"). Accordingly, the magistrate judge did not err in refusing to follow *Boruff*.

Plaintiff next objects to the magistrate judge's use of the term "overwhelming" to describe the evidence demonstrating that Plaintiff's improved mental condition was at odds with the lowest of his GAF scores. Even if Plaintiff were correct that the term did not accurately characterize the evidence, it would be of no moment. The ALJ was not bound to rely on Plaintiff's GAF scores in determining disability. *See Rutter*, 1996 WL 379424 at *2. The ALJ did examine those scores, however, along with evidence that Plaintiff's condition was improving, and determined that the higher GAF scores better reflected Plaintiff's condition. Even if the evidence of Plaintiff's improvement was not "overwhelming," the ALJ did not err in making that determination. *See Johnson v. Comm'r of Soc. Sec.*, 535 Fed. App'x 498, 508 (6th Cir. 2013) ("[N]o particular amount of weight is required to be placed on a GAF score.").

Finally, Plaintiff objects to the ALJ's conclusion that Plaintiff's daily activities belied his assertions of complete disability. Plaintiff cites the ALJ's finding that, although Plaintiff could take care of his own personal hygiene, he often chose not to do so. Plaintiff ignores the other activities

cited by the ALJ, which include weekly shopping, fishing, and learning to cook. Although Plaintiff is correct that these activities might not represent an "idyllic" life, they support the ALJ's determination that Plaintiff was not completely disabled.

Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued January 16, 2014 (dkt. # 22), is **ADOPTED** as the Opinion of the Court, and the decision of the Commissioner denying benefits to Plaintiff is **AFFIRMED**.

A separate judgment will issue.


Dated: March 17, 2014 /s/ Gordon J. Quist
GORDON J. QUIST
UNITED STATES DISTRICT JUDGE